```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM McKNIGHT,           :   CIVIL ACTION
                            :   No. 05-4566
          Plaintiff,        :
                            :
v.                          :
                            :
BUCKS COUNTY DEP'T OF       :
CORRS., et al.,             :
                            :
          Defendants.       :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                          OCTOBER 29, 2008

      Defendants, Bucks County Department of Corrections ("Bucks County Corrections") and several Bucks County Corrections officers file this motion for summary judgment under Fed. R. Civ. P. 56(b). (Doc. no. 54.) For the reasons that follow, summary judgment will be granted.

I. BACKGROUND[1]

   A. Facts

      On August 31, 2005, Plaintiff William McKnight filed a complaint alleging violations of his civil rights under 42 U.S.C. § 1983 that occurred while he was an inmate at Bucks County Correctional Facility in Doylestown, Pennsylvania ("Bucks County

---

[1] Unless otherwise indicated, all facts are taken from Plaintiff's Memorandum in Opposition to Defendants' Second Motion for Summary Judgment. (Doc. no. 56.)

Prison"). (Doc. no. 3.) Plaintiff's overarching claim is that Defendants, individually and in concert, engaged in a pattern of conduct to retaliate against Plaintiff for exercising his constitutionally protected right to petition the government for redress in connection with Defendants' failure to accomodate his dietary restrictions. Plaintiff alleges that the retaliation took four forms: (1) the seizure and destruction of his court papers; (2) lack of proper dental treatment;[2] (3) unwarranted confinement to Bucks County Prison's Restricted Housing Unit ("RHU"); and (4) two intrusive urinalysis tests that were designed to harass and antagonize Plaintiff.[3]

    B. <u>Procedural History</u>

On November 2, 2005, Defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted, or, in the alternative, for an order requiring Plaintiff to file a more definite statement pursuant to Fed. R. Civ. P. 12(e). (Doc. no. 12.) On December 8, 2005, the Court denied the motion. The same day, the Court ordered Defendants to take

---

[2] Plaintiff's complaint does not name a specific Defendant responsible for his lack of proper dental treatment. The Court treats Bucks County Corrections as the named Defendant for this alleged adverse action.

[3] Plaintiff's complaint does not name a specific Defendant responsible for these urinalysis tests. The Court treats Bucks County Corrections as the named Defendant for this alleged adverse action.

Plaintiff's deposition and file a motion for summary judgment.

On April 6, 2006, Defendants filed a motion for summary judgment.  (Doc. no. 35.)  However, because Plaintiff was involved in an ongoing criminal trial, the Court placed the matter in civil suspense on May 3, 2006.

The case was removed from civil suspense and returned to active status on August 23, 2007.  The Court granted Defendants additional time to depose witnesses newly-identified in Plaintiff's motion for leave to file supplemental pleadings, which sought to add additional defendants to the complaint.[4]  (Doc. no. 43.)  As a result, the Court denied Defendants' motion for summary judgment, without prejudice.  (Doc. no. 45.)  The Court then granted Plaintiff's motion to amend the complaint (doc. no. 50), but Plaintiff has not done so.  Thereafter, Defendants filed the instant motion for summary judgment.  It is this motion for summary judgment that is before the Court.

II.  LEGAL STANDARD

   A.  <u>Motion for Summary Judgment</u>

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and

---

[4] Plaintiff was also afforded the opportunity to obtain additional discovery under Federal Rule of Civil Procedure 56(f) (doc. no. 57), but he sought none.

that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A fact is "material" if its existence or non-existence would affect the outcome of the suit under governing law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  An issue of fact is "genuine" when there is sufficient evidence from which a reasonable jury could find in favor of the non-moving party regarding the existence of that fact.  Id. at 248-49.  "In considering the evidence, the court should draw all reasonable inferences against the moving party." El v. Se. Pa. Transp. Auth., 479 F.3d 232, 238 (3d Cir. 2007).

"Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by showing-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case' when the nonmoving party bears the ultimate burden of proof."  Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 140 (3d Cir. 2004) (quoting Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 192 n.2 (3d Cir. 2001)).  Once the moving party has thus discharged its burden, the nonmoving party "may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in [Rule 56]--set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2).

B.  <u>Section 1983</u>

Section 1983 of Title 42 of the United States Code provides a cause of action for an individual whose constitutional or federal rights are violated by those acting under color of state law.[5]  See generally Gonzaga University v. Doe, 536 U.S. 273, 284-85 (2002) (recognizing that Section 1983 provides a remedy for violations of individual rights "secured by the Constitution and laws" of the United States).  Defendants concede that they were acting under color of state law during the events giving rise to Plaintiff's complaint.  The only remaining question is whether Defendants retaliated against Plaintiff in violation of the Constitution or federal law.

C.  <u>Retaliation</u>

In order to prevail on his retaliation claim, Plaintiff must prove the following elements: (1) the conduct which led to the alleged retaliation was constitutionally protected; (2) he suffered some adverse action at the hands of prison officials, one sufficient to deter a person of ordinary firmness from

---

[5]  "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."  42 U.S.C. § 1983.

exercising his constitutional rights; and (3) a causal link between the exercise of his constitutional rights and the adverse action against him. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). The Third Circuit has incorporated the burden-shifting framework first set forth in Mount Healthy Bd. of Ed. v. Doyle, 429 U.S. 274, 287 (1977), in the prison context. Accordingly, to show a causal link, the prisoner plaintiff bears "the initial burden of proving that his constitutionally protected conduct was 'a substantial or motivating factor' in the decision to discipline him. Rauser, 241 F.3d at 333 (quoting Mount Healthy, 429 U.S. at 287). If he does so, the "burden then shift[s] to the defendant to prove by a preponderance of the evidence that it would have taken the same disciplinary action even in the absence of the protected activity." Id.

Here, Defendants do not contest that prisoners have a constitutionally protected right to petition the government for the redress of grievances. Thus, Plaintiff survives the first element of his retaliation claim. See Overton v. Bazzetta, 539 U.S. 126, 137 (2003) (Stevens, J., concurring) (citing Turner v. Safley, 482 U.S. 78, 84 (1987)). However, Defendants do contest Plaintiff's ability to satisfy the second and third element of his retaliation claim. The individual Defendants' liability under § 1983 will be addressed ad seriatim.

III. DISCUSSION

    A.    <u>Bucks County Corrections</u>

Plaintiff premises his § 1983 claim against Bucks County Corrections on the basis of <u>respondeat superior</u>. While local governments are "persons" amenable to suit under § 1983, liability is limited to constitutional violations that occurred as a result of a government's policy or custom. <u>Langford v. City of Atlantic City</u>, 235 F.3d 845, 848 (3d Cir. 2000) (citing <u>Monell v. Dep't of Soc. Servs. of the City of New York</u>, 436 U.S. 658, 694 (1978)). The Supreme Court has also foreclosed the ability to hold a local government liable under § 1983 solely on the basis of <u>respondeat superior</u>. <u>Langford</u>, 235 F.3d at 847 (citing <u>Monell</u>, 436 U.S. at 691). Here, Plaintiff fails to provide evidence, or even allege, that the actions against Plaintiff occurred as a result of Defendant Bucks County Corrections' policy or custom. Under these circumstances, Defendant Bucks County Corrections' motion for summary judgment will be granted.

    B.    <u>Willis Morton</u>

Plaintiff premises his § 1983 claim against Willis Morton, Warden of Bucks County Prison, under a supervisory liability theory. A supervisor can be held liable if he or she: (1) participated in violating Plaintiff's rights; (2) directed

-7-

others to violate them; or (3) as the person in charge, had knowledge of and acquiesced in his subordinates' violations. A.M. ex rel. J.M.K. v. Luzerne County Juvenile Detention Ctr., 372 F.3d 572, 586 (3d Cir. 2004) (citing Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995)).

Plaintiff's only allegation is that his multiple requests to Defendant Morton for the return of his court papers were not successful.  Pl.'s Compl. ¶ 21 (doc. no. 3).  Plaintiff fails to provide evidence, or even allege, that Defendant Morton participated in the disappearance of his court papers, directed others to take them or that Defendant Morton had knowledge of or acquiesced to the taking of Plaintiff's court papers.  Under these circumstances, Defendant Morton's motion for summary judgment will be granted.

C.   Sergeant Lorenzo[6]

Plaintiff premises his § 1983 claim against Sergeant Lorenzo, a corrections officer at Bucks County Prison, on the basis of retaliation.  Plaintiff claims that he was "confronted

---

[6] For the first time in his memorandum in opposition to Defendants' motion for summary judgment (doc. no. 56), Plaintiff has "tentatively identified" John Doe as "Sergeant Lorenzo." Pl.'s Mem. Opp'n Defs.' Mot. Summ. J. 2 n.1 (doc. no. 56).  For the purposes of ruling on the motion for summary judgment, the Court will accept Plaintiff's substitution of John Doe for Sergeant Lorenzo.

by [D]efendant [Sergeant Lorenzo on one occasion] in connection with a complaint he submitted to [Defendant] Morton about his ongoing dietary concerns." Pl.'s Compl. ¶ 25 (doc. no. 3).

Allegations of verbal abuse or harassment are generally not actionable under § 1983. S.M. v. Lakeland Sch. Dist., 148 F. Supp 2d 542, 551 (M.D. Pa. 2001); Maclean v. Secor, 876 F.Supp. 695, 698-99 (E.D. Pa. 1995); see also Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (reasoning allegation of vulgarity did not state constitutional claim); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979) (finding allegations that sheriff laughed at prisoner and threatened to hang him did not state claim for constitutional violation). However, Plaintiff may obtain relief under § 1983 if the verbal threats are accompanied by a reinforcing act. Northington v. Jackson, 973 F.2d 1518, 1525 (10th Cir. 1992) (finding an actionable claim when guard put revolver to inmates head and threatened to shoot); Douglas v. Marino, 684 F.Supp. 395, 398 (D. N.J. 1988) (stating claim where prison employee threatened inmate with knife).

Here, the Court does not find that the single and brief confrontation with Sergeant Lorenzo alleged by Plaintiff rises to the level of an adverse action sufficient to deter a person of ordinary firmness from petitioning the government for the redress of grievances. Plaintiff admits that he was never physically threatened nor did he ever suffer physical harm at Bucks County

Corrections.  Ex. 2, Defs.' Mot. Summ. J. (doc. no. 54); Pl.'s Dep. 33:14-24, 34:1-9.  Under these circumstances, Defendant Sergeant Lorenzo's motion for summary judgment will be granted.

### D. Defendant Budd

Plaintiff premises his first § 1983 claim against Defendant Budd, Deputy Warden of Bucks County Prison, under a supervisory liability theory.  Plaintiff's only allegation is that his multiple requests to Defendant Budd for the return of his court papers were not successful.  Pl.'s Compl. ¶ 21 (doc. no. 3).  Plaintiff fails to provide evidence, or even allege, that Defendant Budd participated in the disappearance of his court papers, directed others to take them or that Defendant Budd had knowledge of or acquiesced to the taking of Plaintiff's court papers.  Under these circumstances, Defendant Budd's motion for summary judgment as to this claim will be granted.

Plaintiff premises his second § 1983 claim against Defendant Budd on the basis of retaliation.  According to Plaintiff, he was summoned to Defendant Budd's office as a result of his involvement with other inmates in a complaint against a corrections case manager.  While in Defendant Budd's office, Plaintiff claims Defendant Budd "implicitly warned" him against initiating any further complaints about the issues and events that were taking place at Bucks County Prison.  Pl.'s Compl. ¶ 31

(doc. no. 3).  Verbal abuse or harassment is actionable under § 1983 if conducted in retaliation.  <u>Bieros v. Nicola</u>, 860 F.Supp. 226, 233 (E.D. Pa. 1994) (citing <u>Prisoners' Legal Ass'n v. Roberson</u>, 822 F.Supp. 185, 189 (D. N.J. 1993); <u>Murray v. Woodburn</u>, 809 F.Supp. 383, 384 (E.D. Pa. 1993); <u>Hodgin v. Agents of Montgomery County</u>, 619 F.Supp. 1550, 1553 (E.D. Pa. 1985); <u>Ricketts v. Derello</u>, 574 F.Supp. 645, 647 (E.D. Pa. 1983)).  In this case, however, even assuming the truth of the averments and drawing all reasonable inferences in favor of Plaintiff, the Court finds that the single and brief incident of "implied" future retaliation does not rise to the level of an adverse action.  <u>A.M ex rel. J.M.K.</u>, 372 F.3d at 586 (stating elements for supervisory liability).  Under these circumstances, Defendant Budd's motion for summary judgment as to this claim will be granted.

E. <u>Defendant Gauntt</u>

Plaintiff premises his first § 1983 claim against Defendant Gauntt, a corrections officer at Bucks County Prison, on the basis that he was denied access to his legal documents in retaliation for submitting complaints about his dietary concerns.[7]  However, Plaintiff has not provided any evidence that

---

[7] Defendant Gauntt denies Plaintiff's allegation. Defs.' Ans. ¶ 20 (doc. no. 20).  He also renounces knowledge of the existence of Plaintiff's legal documents. Ex. 9, Defs.' Mot.

-11-

Defendant Gauntt had knowledge of Plaintiff's prior complaints about his dietary concerns to the authorities.  Even assuming the truth of the averments and drawing all reasonable inferences in favor of Plaintiff, the Court finds that Plaintiff fails to make a claim for retaliation absent evidence that Defendant Gauntt had knowledge of Plaintiff's complaints.  See Rauser, 241 F.3d at 333 (requiring a causal link to prevail in a retaliation claim).  Under these circumstances, Defendant Gauntt's motion for summary judgment as to this claim will be granted.

Plaintiff premises his second § 1983 claim against Defendant Gauntt on the theory that he was denied access to the courts in retaliation for submitting complaints about his dietary concerns.  According to Plaintiff, his legal folder, which was allegedly discarded by Defendant Gauntt, contained statements made by other individuals for use in this litigation, which would be impossible to recreate.  Ex. 2, Defs.' Mot. Summ. J. (doc. no. 54); Pl.'s Dep. 25:19-22, 27:7-11.

Prisoners have a constitutional right of access to the courts.  Bounds v. Smith, 430 U.S. 817, 821 (1977).  The Supreme Court in Bounds held that the right of access to the courts includes assistance in preparing and filing meaningful legal papers and providing inmates with adequate law libraries or adequate assistance from persons trained in the law.  Id. at 828.

---

Summ. J. (doc. no. 54).

There is also a requirement that an inmate alleging a <u>Bounds</u> violation must suffer an "actual injury." <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996) (holding that a claimant "must demonstrate that the alleged" deprivation of legal documents "hindered his efforts to pursue a legal claim"); <u>Zillich v. Lucht</u>, 981 F.2d 694, 695 (3d Cir. 1992) (finding a due process violation where an inmate was denied access to his legal documents).

Relief for an unconstitutional violation of the right of access to the courts can be sought in one of two ways. First, [P]laintiff can allege "loss or inadequate settlement of a meritorious case, . . . the loss of an opportunity to sue, . . . or the loss of an opportunity to seek some particular order of relief." <u>Gibson v. Superintendent of N.J. Dep't of Law and Public Safety-Div. of State Police</u>, 411 F.3d 427, 441 (3d Cir. 2005) (quoting <u>Christopher v. Harbury</u>, 536 U.S. 403, 414 (2002)). Second, Plaintiff can assert that the conduct resulted in litigation "end[ing] poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable." <u>Gibson</u>, 411 F.3d at 441 (quoting <u>Christopher</u>, 536 U.S. at 415). "Therefore, 'the underlying cause of action, whether anticipated or lost, is an element that must be described in the Complaint, just as much as allegations must describe the official acts frustrating the litigation. It follows, too, that when the access claim [like this one] looks backward, the Complaint must

identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." Id. at 442.

In this case, Plaintiff does not allege that his inability to recreate the legal folder led to the loss of a claim or remedy necessary to seek relief. To the contrary, Plaintiff admits that he was allowed to file a complaint in the instant case. Ex. 2, Defs.' Mot. Summ. J. (doc. no. 54); Pl.'s Dep. 47:5-10. He admits that he had regular access to the law library at Bucks County Prison. Id. at 51:10-18. He also does not contest the adequacy of the law library at Bucks County Prison nor his ability to obtain assistance from persons trained in the law. In fact, Plaintiff's typical day at Bucks County Prison included an hour and a half to two hours in the law library. Id. at 13:20-22. Under these circumstances, Defendant Gauntt's motion for summary judgment as to this claim of retaliation will be granted.

F.  Defendants Roque and Martin

Plaintiff premises his § 1983 claim against Defendants Roque[8] and Martin, corrections officers at the Bucks County Prison, on the basis of retaliation for submitting complaints

---

[8] The proper spelling is Roque, not Roovre as set forth in Plaintiff's complaint (doc. no. 3).

about his dietary concerns.  Specifically, Plaintiff alleges that Defendants Roque and Martin "manipulated" former Defendant Ulysses Moore ("Moore"), an inmate at Bucks County Prison, into providing false statements about Plaintiff at a disciplinary hearing.  Pl.'s Compl. ¶ 26 (doc. no. 3).  The disciplinary hearing was held on May 23, 2004, and relates to an alleged assault upon Moore in the kitchen.  Ex. 5, Defs.' Mot. Summ. J. (doc. no. 54).  Defendant Roque saw the alleged assault.  Id.  Defendant Martin was the hearing officer at the disciplinary hearing.

Plaintiff was called at the disciplinary hearing where he explained that he thought the misconduct report was retaliatory because of prior complaints about his dietary concerns.  Ex. 2, Defs.' Mot. Summ. J. (doc. no. 54); Pl.'s Dep. 30:1-10.  After Plaintiff was escorted back to his cell, Moore testified that he was hit with a tray that Plaintiff threw through the tray slot.  Ex. 6, Defs.' Mot. Summ. J. (doc. no. 54); Id. at Ex. 2; Pl.'s Dep. 30:10-19.  According to Plaintiff's complaint, he was not permitted to be present during Moore's testimony.  Pl.'s Compl. ¶ 28 (doc. no. 3).  At the conclusion of the hearing, Plaintiff was sentenced to 30 days in RHU.[9]

---

[9]     It is not clear how much time Plaintiff spent in RHU. Based on Plaintiff's deposition testimony, he was only sentenced to 10 days in RHU.  Ex. 2, Defs.' Mot. Summ. J. (doc. no. 54); Pl.'s Dep. 32:12-21.

An inmate can state a claim for violation of his constitutional rights where he was falsely accused in retaliation for the exercise of a constitutional right. Smith v. Mensinger, 293 F.3d 641, 653 (3d Cir. 2002); Flanagan v. Shively, 783 F.Supp. 922, 931-32 (M.D. Pa. 1992), aff'd, 980 F.2d 722 (3d Cir. 1992), cert. denied, 510 U.S. 829 (1993). The Third Circuit has even recognized that placement in RHU is an adverse action sufficient to deter someone of ordinary firmness from exercising his First Amendment rights. Mensinger, 293 F.3d at 653 (citing Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)).

Here, there is no evidence that either Defendants Roque or Martin were aware of Plaintiff's prior complaints. Absent such evidence, the Court finds that Plaintiff failed to demonstrate that his confinement to RHU was in retaliation for submitting complaints about his dietary concerns rather than for assault. See Rauser, 241 F.3d at 333 (requiring a causal link to prevail in a retaliation claim). Nor has Plaintiff provided evidence that Moore was "manipulated" into making false statements about him at the disciplinary hearing.[10] Under these

---

[10] Plaintiff cites Moore's answers to interrogatories to support his retaliation claim against Defendants Roque and Martin. Moore's statements are as follows:

> [Question #1:] Did you testify at an institutional misconduct hearing that plaintiff assaulted you with a meal tray?
> Answer: I did not testify at any disciplinary hearing that I was assaulted by Mr. McKnight.

circumstances, Defendants Roque's and Martin's motion for summary judgment as to this claim will be granted.

Plaintiff premises his second § 1983 claim against Defendant Martin on the basis that he was denied due process in retaliation for submitting complaints about his dietary concerns. Specifically, Plaintiff alleges that Defendant Martin did not permit him to be present during Moore's testimony at his disciplinary hearing.

When an inmate is subject to discipline, he is afforded constitutional protections if the alleged discipline imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 484 (1995). In essence, Plaintiff claims he was denied an opportunity to confront or cross-examine Moore. Even if the Court were to assume that confinement to RHU for 30 days is an "atypical and significant hardship" within the scope of Sandin, an inmate does not have a constitutional right to confrontation

---

> [Question #2:] Did you see plaintiff assault you with a meal tray?
> Answer: No, I did not.

Ex. B, Pl.'s Resp. to Defs.' Mot. Summ. J. (doc. no. 56). Notwithstanding Moore's statement, Defendant Roque saw Plaintiff assault Moore. Moore does not deny that an assault occurred; he merely stated that he did not "see" Plaintiff assault him. Defendant Roque filed a misconduct report against Plaintiff because he witnessed an assault. Moreover, even if Moore did not testify against Plaintiff at the disciplinary hearing, there is no evidence that manipulation by Defendants Roque or Martin occurred.

and cross-examination.  Wolff v. McDonnell, 418 U.S. 539, 540-41 (1974).  Under these circumstances, Defendant Martin's motion for summary judgment as to this claim will be granted.


IV.  CONCLUSION

          For the reasons set forth above, the motion for summary judgment will be granted.  An appropriate order follows.

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| WILLIAM McKNIGHT, | : | CIVIL ACTION |
| | : | No. 05-4566 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BUCKS COUNTY DEP'T OF | : | |
| CORR., et al., | : | |
| | : | |
| Defendants. | : | |

### **O R D E R**

      **AND NOW**, this **29th day of October 2008,** it is hereby **ORDERED** that, for the reasons stated in the accompanying memorandum, Defendants' motion for summary judgment (doc. no. 54) is **GRANTED.**

      **AND IT IS SO ORDERED.**

                                            S/Eduardo C. Robreno
                                            **EDUARDO C. ROBRENO, J.**