```
                   IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| WILLIAM MCKNIGHT, | : | CIVIL ACTION |
| | : | NO. 05-4566 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BUCKS COUNTY DEP'T OF , | : | |
| CORRS., et al., | : | |
| | : | |
| Defendants. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              SEPTEMBER 30, 2009

I.   BACKGROUND

Plaintiff William McKnight ("Plaintiff") filed a complaint alleging civil rights violations pursuant to 42 U.S.C. § 1983 with respect to his incarceration at the Bucks County Correctional Facility in Doylestown, Pennsylvania ("Bucks County Prison") (doc. no. 3). The thrust of Plaintiff's complaint is that the following Defendants, Bucks County Department of Corrections ("Bucks County Corrections"), Willis Morton ("Morton"), Budd ("Budd"), Sergeant Lorenzo ("Lorenzo"), Gauntt ("Gauntt"), Roque ("Roque"), and Martin ("Martin") (collectively, "Defendants"),[1] engaged in a pattern of conduct to retaliate against Plaintiff for exercising constitutionally protected rights, specifically Plaintiff's right to petition the government

---

[1] Plaintiff asserted claims against multiple other defendants who were terminated from the case at various junctures and are not relevant to consideration of this motion.

for redress in connection with the failure of Defendants to accommodate his dietary restrictions. Plaintiff alleges that this retaliation was manifested through the following actions: (1) the seizure and destruction of his legal documents; (2) insufficient dental treatment; (3) unwarranted confinement to Bucks County Prisons's Restricted Housing Unit as a result of a disciplinary proceeding involving fellow inmate Ulysses Moore ("Moore"); and (4) two intrusive urinalysis tests intended to harass and antagonize Plaintiff.

On October 29, 2008, the Court granted Defendants' motion for summary judgment. The Court ruled in favor of the seven Defendants on the following individual grounds. First, Bucks County Corrections was not liable because Plaintiff failed to allege retaliation as a result of a policy or custom.[2] Second, Morton was not liable because Plaintiff failed to properly allege retaliation under a supervisory liability theory.[3] Third, Lorenzo was not liable because the single and brief confrontation alleged by Plaintiff did not rise to the level of an adverse action sufficient to deter a person of ordinary firmness from petitioning the government for the redress of grievances. Fourth, Budd was not liable for the following

---

[2] The instant motion for reconsideration does not challenge the Court's Order with respect to Bucks County Corrections.

[3] The instant motion for reconsideration does not challenge the Court's Order with respect to Willis Morton.

reasons: (1) Plaintiff failed to properly allege retaliation under a supervisory liability theory; and (2) the single and brief incident of "implied" future retaliation did not rise to the level of an adverse action.  Fifth, Gauntt was not liable for the following reasons: (1) Plaintiff failed to demonstrate a causal link between the alleged adverse actions and the alleged retaliation; and (2) Plaintiff failed to show that he was denied "access to the courts."  Sixth, Roque was not liable because Plaintiff failed to demonstrate a causal link between the alleged adverse actions and the alleged retaliation and Plaintiff failed to show that Roque "manipulated" Moore into making false statements at Plaintiff's disciplinary hearing.  Seventh, Martin was not liable for the following reasons: (1)  Plaintiff failed to demonstrate a causal link between the alleged adverse actions and the alleged retaliation and Plaintiff failed to show that Moore was "manipulated" into making false statements at Plaintiff's disciplinary hearing; and (2) Plaintiff did not have a constitutional right to confront and cross-examine Moore at his disciplinary hearing.  Plaintiff now moves for reconsideration of certain of the Court's findings.

II.  ANALYSIS

    A.    <u>Legal Standard</u>

        A motion for reconsideration is treated as the

"functional equivalent" of a motion pursuant to Rule 59(e) which seeks to alter or amend a judgment. <u>Fed. Kemper Ins. Co. v. Rauscher</u>, 807 F.2d 345, 348 (3d Cir. 1986) (internal citation omitted). The purpose of a motion for reconsideration of a summary judgment order is to "correct manifest errors of law or fact or to present newly discovered evidence." <u>Harsco Co. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985). Reconsideration is appropriate where the party seeking reconsideration establishes "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [issued its previous decision]; or (3) the need to correct a clear error of law or fact or prevent manifest injustice." <u>Max's Seafood Cafe ex rel. Lou Ann v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999); <u>North River Ins. Co. v. CIGNA Reinsurance Co.</u>, 52 F.3d 1194, 1218 (3d Cir. 1995).

B.  <u>Proposed Grounds for Reconsideration</u>

Plaintiff now seeks to have the Court reconsider the Court's Order granting Defendants' motion for summary judgment. Plaintiff argues generally that there was evidence sufficient to survive a motion for summary judgment. Plaintiff's arguments with respect to each of the individual defendants will be discussed <u>ad seriatim</u> below.[4]

---

[4] As Plaintiff is acting pro se, his pleadings are interpreted under the more liberal standard afforded to pro se plaintiffs. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).

      1.   <u>Defendant Gauntt</u>

Plaintiff alleges that the Court's Order did not consider "statements provided by eyewitnesses and a logbook entry made by former defendant Huttick" showing "that defendant Gauntt possessed some motivation to deny knowledge of any prior complaints made [P]laintiff [sic]." Pet'r's Mot. Recons. ¶ 8-9. Plaintiff asserts that Defendant Gauntt was aware of Plaintiff's prior complaints based on either information from fellow correctional office employees or "his own perusal of plaintiff's legal papers." Plaintiff does not point to now, as he did not point to earlier, evidence to substantiate either of these theories.

Instead Plaintiff merely reasserts his previous allegation that Defendant Gauntt was aware of Plaintiff's claims based on the fact that Plaintiff's purported legal documents were discarded. Plaintiff attempts to generate a factual dispute regarding Defendant Gauntt's knowledge of Plaintiff's prior complaints by referencing a logbook entry of Corrections Officer Huttick indicating that Plaintiff's folder containing his legal documents was discarded. Ex. A. Pl.'s Resp. to Defs.' Mot. Summ. J.

In contrast to Plaintiff's assertion, the Court considered Plaintiff's allegation that Defendant Gauntt's

knowledge of Plaintiff's complaints could be inferred from the alleged discarding of the folder containing his legal documents. The Court concluded that even when drawing all reasonable inferences in favor of Plaintiff, Plaintiff had not pointed to "any evidence that Defendant Gauntt had knowledge of Plaintiff's prior complaints about his dietary concerns to the authorities," See McKnight v. Bucks County Dep't of Corrs., No. 05-4566, 2008 WL 4771845, *4 (E.D. Pa. Oct. 29, 2008), or even that Defendant Gauntt was the one who allegedly discarded the documents. Since the Court considered the same set of factual allegations concerning Defendant Gauntt in granting Defendants' motion for summary judgment, Plaintiff's allegations in the current motion cannot qualify as evidence which was unavailable at the time of the court's decision in order to satisfy the Rule 59(e) standard.

      Even assuming that Plaintiff's legal folder was discarded by Defendant Gauntt, a highly unlikely proposition on this record, Plaintiff fails to point to the existence of a causal link between the alleged adverse action and the alleged retaliation.  There is no evidence in the record to suggest that Defendant Gauntt read the contents of the file and that based on this perusal of the documents inside the file, he learned of Plaintiff's prior complaints about his dietary concerns to the authorities.

      Furthermore, Plaintiff now, with the guidance of the

-6-

Court's Order, claims

> that the Court erroneously interpreted the facts of his complaint because there is no allegation that the documents seized by [D]efendant Gauntt pertained to the instant action.  In fact, [P]laintiff's complaint and response to the current motion asserted that the confiscated documents concerned litigation he contemplated filing but was unable to do so because numerous pages of legal documents were discarded by the defendants, evidently because they contained information and statements that were disfavorable [sic] to the defendants.

Pet'r's Mot. Recons. ¶ 15.  In either event, whether the discarded documents relate to the instant action or to future unrelated litigation, the result is the same, i.e., Plaintiff has not suffered "actual injury."  See Lewis v. Casey, 518 U.S. 343, 351 (1996).  Since Plaintiff failed to articulate any precise legal claim adversely affected by the alleged discarding of his legal file, he failed to demonstrate actual injury.  See Christopher v. Harbury, 536 U.S. 403, 415 (2002) (finding that a prisoner must show that a "nonfrivolous" and "arguable" claim was lost in order to demonstrate a denial of access claim).

   Furthermore, Plaintiff had regular access to the law library at Bucks County Correctional Facility in Doylestown, Pennsylvania.  Plaintiff now asserts that the testimony provided by Defendants from the Bucks County Prison's librarian regarding his use of the library facilities involved an unrelated criminal matter in New Jersey.  Plaintiff never alleges, however, that said law library was inadequate nor that he was unable to obtain

assistance from persons trained in the law with respect to this proceeding or any other matter.  Again Plaintiff merely reiterates his prior allegations, which fails to meet the threshold requirement under Rule 59(e).

In the supplement to Plaintiff's motion for reconsideration, Plaintiff raises the argument that Defendant Gauntt's seizure and destruction of his legal documents violated his constitutional right to free speech.  Plaintiff now alleges that Defendant Gauntt's destruction of his legal documents was intended to interfere with his ability to exercise his right to free speech.  First, Plaintiff improperly attempts to reconfigure his original claims at this stage of the proceedings to pursue a different avenue of relief.  See Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995) (noting that a motion for reconsideration is not intended to allow a party to "simply change[ ] theories and [try] again," thus providing "a second bite at the apple").  Even assuming the Court could consider Plaintiff's newly raised free speech claim, it possesses the same factual infirmity as Plaintiff's previous claims, namely Plaintiff fails to point to any evidence of record that Defendant Gauntt was involved with, or even aware of, the discarding of Plaintiff's legal documents.

    2.    <u>Defendant Budd</u>

Plaintiff challenges the Court's Order by stating that

the record was sufficient to raise a genuine issue of material fact that Defendant Budd was personally involved in the alleged retaliatory acts against him.  Here, as stated in the Court's Order, there is no such evidence of record.

Furthermore, Plaintiff now states that the Complaint should be read to allege that Defendant Budd's "implicit" threats "were followed by various acts of retaliatory conduct on the part of [D]efendant Gauntt and other subordinate employees at [Bucks County Corrections]."  Pl.'s Mot. Recons. ¶ 21.  Plaintiff now alleges that Defendant Budd's "tone and demeanor" during Plaintiff's encounter in which he was implicitly threatened to refrain from pursuing additional complaints constitutes evidence of the connection between the "implicit threat" and the supposed retaliation.

Plaintiff, however, does not point to evidence of any statements or actions taken by Defendant Budd during this encounter to bolster Plaintiff's claim.  Even drawing all reasonable inferences in favor of Plaintiff, the evidence of record shows that Defendant Budd's action was, at best, a "single and brief incident of 'implied future retaliation'" which failed to constitute an adverse action.  <u>McKnight,</u>, 2008 WL 4771845, at *4.  Again, Plaintiff points to no evidence from which to infer a connection between Defendant Budd's "implicit" threats and an alleged elaborate scheme of retaliatory acts against Plaintiff.

Therefore, the relief sought by Plaintiff is improper under the well-established standard of review under Rule 59(e).

### 3. Defendant Roque

Plaintiff claims that Defendant Roque was aware of his prior complaints because "she [was] responsible for the preparation of inmate meals."  Pl.'s Mot. Recons. ¶ 31.  The Court rejects now, as it rejected earlier, the proposed inference that Defendant Roque was aware of Plaintiff's complaints solely as a result of her ordinary duties as kitchen staff.

Plaintiff further fails to point to any evidence to show that Moore, another inmate,[5] was "manipulated" by Defendant Roque into testifying falsely at Plaintiff's disciplinary action. Plaintiff previously alleged that Defendants Roque and Martin knowingly "used the fictitious statements they purportedly obtained from Moore to sentence [Plaintiff] to a term of thirty (30) days in disciplinary segregation for an assault which . . . never occurred."  Pl.'s Resp. to Defs.' Mot. Summ. J. at 5. Plaintiff now contends that Moore's answers to Plaintiff's interrogatories create a genuine issue of material fact because the answers to the interrogatories are at odds with Moore's testimony at the disciplinary hearing.  To that end Plaintiff offers Moore's responses to Plaintiff's interrogatories:

---

[5]    Moore previously was a co-defendant in this case, but was dismissed from this proceeding in accordance with an agreement between the parties.

>     [Question # 1:] Did you testify at an institutional
>     misconduct hearing that plaintiff assaulted you with a
>     meal tray?
>     Answer: <u>I did not testify at any disciplinary hearing
>     that I was assaulted by Mr. McKnight</u>.
>     [Question # 2:] Did you see plaintiff assault you with
>     a meal tray?
>     Answer: No, I did not.
>     [Question # 3:] Did Corrections Officer Roque provide
>     you with information which identified plaintiff as the
>     person who allegedly assaulted you?
>     Answer: Yes.
>     [Question # 4:] Were you called to plaintiff's
>     misconduct hearing?
>     Answer: <u>No, I was not called to Mr. McKnight's
>     misconduct hearing</u>.

Ex. B, Pl.'s Resp. to Defs.' Mot. Summ. J. (emphasis added).[6]

      Plaintiff's current argument is confusing, at best, because Moore's answers to the interrogatories do not state that he testified falsely at the disciplinary hearing, but rather that he did not testify at all.  Clearly, Moore's statements that he did not testify at all cannot support the claim that he testified falsely.  In any event, at the motion for reconsideration stage, Plaintiff is precluded from attempting to rework his legal theory from an allegation that Moore testified falsely into a revised theory that Moore did not testify at all and that the entire disciplinary hearing was a sham, in an effort to create a genuine issue of material fact.  See <u>Bhatnagar</u>, 52 F.3d at 1231 (noting

---

      [6]    The notes from the report generated at Plaintiff's disciplinary hearing clearly indicate that Moore testified that he was assaulted by Plaintiff with a food tray.  <u>See</u> Ex. 6, Defs.' Mot. Summ. J. ("Witness said he did get hit with the tray McKnight threw in the slott [sic] because he was not happy with his meal.").

that a motion for reconsideration is not intended to allow a party to "simply change[ ] theories and [try] again," thus providing "a second bite at the apple").  Therefore, Plaintiff's bare allegation of manipulation clearly does not constitute new evidence not previously considered by the Court justifying reconsideration of the Court's summary judgment order.

        4.   <u>Defendant Martin</u>

Plaintiff avers generally that Defendant Martin was aware of his prior complaints because they were part of an "ongoing saga . . . of internal grievances and a letter to [Judge Goldberg]."  Pl.'s Mot. Recons. ¶ 28.  Plaintiff lumps together his factual assertions as to Defendants Martin and Roque with respect to Defendant Martin's awareness of his complaints and retaliation.  As with Defendant Roque, Plaintiff fails to point to evidence of record that Moore was "manipulated" by Defendant Martin in any way with respect to Plaintiff's misconduct hearing.[7]  As discussed above, the Court considered Moore's answers to Plaintiff's interrogatories and concluded that these statements do not create a material dispute as to whether Defendant Martin manipulated Moore into testifying falsely against Plaintiff.  Since Plaintiff has pointed to no other

---

[7] Plaintiff does not challenge the Court's Order with respect to the claim that Defendant Martin did not permit Plaintiff to be present during Moore's testimony at his disciplinary hearing.  Nevertheless, no grounds exist to reconsider this finding.

evidence demonstrating that Moore was manipulated by either Defendant Roque or Defendant Martin, no newly available facts or clear error of law exist which would justify reconsideration of the Court's order.

     5.   <u>Defendant Lorenzo</u>

Plaintiff bases his argument in support of reconsideration on his view that Defendant Lorenzo was aware of Plaintiff's prior complaints. Plaintiff misinterprets the Court's Order. The Court accepted that Defendant Lorenzo had knowledge of Plaintiff's prior complaints and held that "the single and brief confrontation with Sergeant Lorenzo . . . [did not rise] to the level of an adverse action sufficient to deter a person of ordinary firmness from petitioning the government for redress of grievances." <u>McKnight,</u> 2008 WL 4771845, at *4. Plaintiff presents no new evidence to show that he was ever physically threatened or suffered physical harm while incarcerated at Bucks County Prison. Therefore, Plaintiff cannot meet his burden of demonstrating that the Court should reconsider its finding that Plaintiff's limited contact with Defendant Lorenzo did not constitute an adverse action sufficient for constitutional relief.

Moreover, Plaintiff simply reasserts the allegations contained in his complaint and summary judgment motion that Defendant Lorenzo's awareness of Plaintiff's complaint preceded

his unwarranted disciplinary action by only a few days, and therefore, this action was retaliatory in nature.  Plaintiff merely reiterates the arguments already considered by the Court and sets forth no additional evidence or argument to support the causal connection between these two instances.  Therefore, adequate grounds do not exist to reconsider the Court's ruling.

III. CONCLUSION

  Plaintiff attempts to have the Court review the merits of its decision without providing any additional grounds as required under Rule 59(e).  Moreover, there is neither a need to correct a clear error of law or fact nor prevent manifest injustice.  Therefore, for the reasons set forth above, Plaintiff's motion for reconsideration will be denied.  An appropriate order follows.